DONALDSON, Judge,
concurring specially.
I concur. I write specially to note that, in opposition to the argument of Glenda Hudson (“the wife”) that a qualified domestic relations order (“QDRO”) should have been entered, Emanuel Hudson (“the husband”) argues that the trial court was not required to enter a QDRO because the wife did not supply the trial court with a proposed form of the order. On remand, the trial court may certainly require the wife to supply a proposed QDRO that meets the requirements of 29 U.S.C. § 1056(d)(3). See D.S.H. v. E.B.H., [Ms. 2140159, Nov. 20, 2015] — So.3d -, - (Ala.Civ.App.2015)(Donaldson, J., concurring specially)(discussing the process of submitting proposed orders). I also note that the record indicates that the trial court refrained from entering the judgment of divorce after the hearing in December 2010 to allow the wife to appeal from an unidentified earlier order of the trial court. The lapse of time between the hearing and the entry of the final judgment in May 2015 appears to be attributable more to the parties than to the retired trial judge who had accepted assignment of the case after the recusal of the active trial judges in the circuit.